In the United States District Court

For the District of Rhode Island
(Form mailed ________, [redacted] )
June 27th 2005

James J. Silva and
James R. Cayer

/Enter above the full mane of the plaintiff or plaintiffs in this action. /

CA 05 285 ML

v.-

Civil Action No. ________

The Clerks of The Rhode Island Family Courts et al.

/Enter above the full name of the defendant or defendants in this action/

1.- Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes /X/ No /F

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiffs: James J. Silva
James R. Cayer, et al.

Defendants: The Clerks of The R.I. Family Court et al.

2. Court /if federal court, name the district; if state court, name the county/: Providence Family Courts R.I. Supreme Court.

3. Docket number: P03-2668 - 05-#116-MP

4. Name judge to whom case was assigned: UNKNOWN.

5.- Disposition /for example: Was the case dismissed? Was it appealed? Is it still pending?/:

Writ of Mandamus - summarily denied.

6. Approximate date of filing law suit: March 6-2005

7. Approximate date of disposition: June 16th 2005.

II. Place of Present Confinement: F.S.C. PO. Box 8249 Cranston, RI 02920

A. Did you present the facts relating to your complaint to The Warden or any of the prison officials?
Yes /__/ No /X/

B. If your answer is YES:

1. What steps dis you take? ______

2. What was the result? ______

C. If your answer is NO, explain why not: Not his problem.

III. Parties

/In item A below, place your name in the first blank. Do the same for additional plaintiffs, if any./

A. Name of plaintiff James J. Silva
James R. Cayer,

/ In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, position, and places of employment of any additional defendants./

B. Defendant Clerks of R.I. Family Court is employed as Clerks at The Rhode Island [redacted] Family Court Providence

C. Additional Defendants: Judge Michael Forte. Bruce Katz Esquire.

IV. Statement of Claim

State here as briefly as possible the facts of your case. Discribe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. /Use as much space as you need. Attach extra sheet if necessary./

Several Notices of Appeal and motions for relief from final Judgement went ignored and undocketed in/re to this matter. As well as other motions by the clerks of the R.I. Family Court and it's Attorney Bruce Katz.

Judge Michael Forte [redacted] ordered the clerks to schedule a date for equitable distubution and custody issues of the divorce as well as making sure defendant was provided with notice of such a date.

This date has never been scheduled and the Rhode Island Supreme Court Refuses to Order them to do so because they are assisting in a coverup of Family Court Judge fixing and Judge Michael Forte's 9/3/03 sham of a trial.

V. Relief

State briefly exactly what you want the court to do for you.

Make no legal arguments. Cite no cases or statutes.

I want this Honorable Court to Order The R.I. Family Court clerks, and Judges to complete my divorce proceedings including custody - equitable distribution of the marital assets - return of personal property and hear all other [redacted] filed motions. The Rhode Island Supreme Court is assisting in the coverup of Family Court clerks criminally manipulating the docket and Judge Michael Forte's 9/3/2003 "sham" of a trial.

VI. NOTE: Should you fail to execute and return this form within ten days from the date of mailing as recorded on pace 1, this Court will conclude you have abandoned your claim and will dismiss your petition.

Signed this 25th day of June, [redacted] 2005

[signature]

/Signature of plaintiff or plaintiffs/

VERIFICATION

State of Rhode Island )
)
County of Providence )

______________, being first duly sworn, under oath, says: that he is the plaintiff in this action and knows the contents of the above complaint; that it is true of his own knowledge, exceptas to those matters that are stated in it on his information and belief; and as to those matters, he believes them to be true.

[signature]
/Signature of plaintiff

Subscribed and sworn to before me this 25th day of June, [redacted] 2005.

Bryan M Catell # 44727 exp 3/25/07
/Notary Public or other person authorized by law to administer an oath/
Bryan M. Catelle

Page 1 of 3

State of Rhode Island and Providence Plantations

Supreme Court.

FILED
JUN 30 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

James J. Silva and
James R. Cayer
v.
The Clerks of The Rhode Island
Family Court, et, al.

Lower Court Case #s
P03-0059A
P03-3668

Case # 2005-116

Writ of Mandamus, Motion To Proceed Forma Pauperis - Affidavit of Indigency.

On or about October 18th 2002, Barbara E Cayer filed for divorce against James J. Silva. The Clerks of The Rhode Island Family Courts Providence, failed to list defendants counterclaim as a Jury Trial Action, refused to docket motions and assign dates, and refused to Habeas James J. Silva into Court on his motions or habeas's as requested and filed. Several notices of Appeal and motions for Relief from Final Judgement were also ignored.

This resulted in a sham of a Trial and a bad faith prosecution on September 3rd 2003 before Judge Michael Forte. This was appealed to The Rhode Island Supreme Court where Certiorari and Habeas Corpus Relief was denied without explanation. (Case # P03-2668 - 2003-628 MP)

At The conclusion of This bifurcated Travesty of Civil Justice, bad Faith Prosecution, and Non-Jury Trial, Judge Michael Forte ordered The Clerks To Quote:

And in accordance with The Courts initial Order To bifurcate This matter and hear The issues of equitable

Exhibit A-1

Page 2 of 3

distribution and child custody and support at a later date Those matters will be left open. And I've continued -- it will be assigned by The Chief Judges Office to whatever Calender he deems appropriate. Make sure That The defendant has notice of The date and Time of The next hearing. (see exhibits A + B included)

This petitioner has recieved no notice of any such hearing and several attempts to move The Court prose to have This hearing scheduled have been ignored and or rejected by The Clerks, including exhibit "A".

I filed a motion for Relief from Final Judgement and Order The Clerks sent it to The Rhode Islands Family Court lawyer, Bruce Katz who said it was improperly filed but not why. I am prose and (Haines vs Kerner) applies but This is not his decision.

Citing Malinou v. McElroy 99 RI. 277; 207 A2d 414 1965. In Mandating The respondent to file it, The court said: The Power to make any decision as to The propriety of any paper submitted or as to The right of a person to file such a paper is vested in The Court, not The Clerk. (citing State ex rel Wanamaker v. Miller Supra)

I filed a motion for forced child visitation and The clerk sent me numerous documents for relief from a final Judgement when There is no active order in effect giving anyone custody.

Barbara E. Cayer is in contempt of every order issued by The Rhode Island Family Court and They

Exhibit "A"-2

page 3 of 3

are engaged in a procedural, "Jerkmearound" in order to deny me hearings on my properly filed motions such as, Motion To Compel Discovery, and Motion To Adjudicate in Contempt.

Barbara E Cayer has disposed of my personal property, Marital Estate Property, 2 of my Vehicles, and had won a substantial amount of money from Lincoln Park which was part of the Marital Estate. She is trying to hide her income tax and other financial matters.

Wherefore, Petitioner moves This Honorable Supreme Court To issue a writ of Mandamus ordering The Clerks of The Rhode Island Family Court To have This Petitioner Habeased into Court To be heard by a Justice on his motions.

Dated 3-6-05.

Respectfully Submitted,

James J Silva.

Exhibit "A-3"

Certification.

I, James J. Silva, do hereby certify That on This The 17th day of March 2005. I did mail a verbatim hand written copy of The following motion To Counsel for The R.I. Family Court in These Matters, The Office of The Attorney General, c/o Aaron Weisman, 150 South Main St, Prov. RI 02903

James J Silva

Exhibit "A"

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**FAMILY COURT**
One Dorrance Plaza
Providence, RI 02903

June 2, 2004

Mr. James J. Silva P1-28
Adult Correctional Institution
Maximum Security
P.O. Box 8273
Cranston, RI 02920

Re: **Barbara E. Cayer v. James J. Silva**
**P2002-2668 and P2002-0059A**

Dear Sir:

You filed a motion for Relief from Judgment or Order and a Motion to Vacate Judgment in the above-entitled matters. Your motions were not properly filed and therefore cannot be placed on the court docket for hearing. Therefore, I am returning to you the motions you filed with the Court. If you have any questions regarding this letter, you should contact the Domestic Clerks Office of the Family Court in Providence County.

Exhibit "B"

Very truly yours,

Bruce Katz, Esquire
Rhode Island Family Court

the breakdown of the marriage. There is one minor child born of the marriage, James who was born on [redacted] of 1987. Based upon these findings, the Court awards the Plaintiff an absolute divorce on the grounds that there currently exists irreconcilable differences between the parties which have led to the irremediable breakdown of the marriage.

THE SHERIFF: Have a seat, sir.

THE COURT: The Plaintiff has asked the Court for permission to waive alimony; and the Court finds that she is self-sustaining and she's allowed to waive alimony permanently.

The Defendant has had an opportunity to litigate this counterclaim, but has, basically, refused to do so. This is his counterclaim, and any claims for support by him are therefore denied and dismissed. And in accordance with the Court's initial order to bifurcate this matter and to hear the issues of equitable distribution and child custody and support at a later date, those matters will be left open. And I've continued -- it will be assigned by the Chief Judge's Office to whatever calendar he deems appropriate.

Make sure that the Defendant has notice of the date and time of the next hearing.

(HEARING ADJOURNED)

Exhibit "C"

RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 04/14/2005
SUPREME CO T INFORMATION SYSTEM

DOCKET EVENT LISTING

TITLE: JAMES J. SILVA ET AL VS R.I. ~~FAMILY COURT~~ FILE NO: ~~20050117~~
APPEAL DATE: 04-08-2005 DOCKET NO.: 2005 116 DOCKET DATE: 04-08-2005
APP. TYPE: MISCELLAN. PETI AGENCY: FAMILY COURT
LOWER CRT NO.: P02-2668 ADD'L CASE NO.: P02-0059A

| | | | |
|---|---|---|---|
| R.I. FAMILY COURT | BDE | Katz,Bruce J | STA |
| SILVA,JAMES J. | PLA | SILVA,JAMES J. | PRI |

| DATE | ACTION | OUTCOME DATE | STAGE |
|---|---|---|---|
| 04-08-2005 | MISCELLANEOUS PETITION FILED BY PLA. PRO-SE | | BEFORE FIRST B |
| 04-08-2005 | MOTION TO APP. PAURPIS FILED. | | |
| 04-08-2005 | AFFIDAVIT FILED. | | |

Exhibit "D"

**Supreme Court**
No. 05-116-M.P.

James J. Silva, et al. :

v. :

The Clerks of the Rhode Island Family Court, :
et al. :

**ORDER**

The petitioner's motion for leave to proceed *in forma pauperis* for the purpose of waiving the filing fee herein, as prayed, is granted. The petition for writ of mandamus and motion for appointment of counsel are denied.

Entered as an Order of this Court this ***16th*** day of ***June 2005.***

By Order,

Michael Coffey

Clerk

"Exhibit E"