**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES SILVA**

**v.** **C.A. NO. 05 - 285 ML**

**THE CLERKS OF THE RHODE ISLAND FAMILY COURT, JUDGE MICHAEL FORTE, AND BRUCE KATZ, ESQ.**

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

On August 31, 2005, plaintiff James J. Silva, *pro se*, an inmate legally incarcerated at the Rhode Island Department of Corrections, filed a Complaint pursuant to 42 U.S.C. § 1983 and named as defendants the Clerks of the Rhode Island Family Court, Judge Michael Forte, and Bruce Katz, Esq. In his Complaint, plaintiff avers that a final judgment has been entered in the Rhode Island Family Court concerning his divorce proceedings. See Complaint at 2. Plaintiff avers that he filed a motion for relief from that judgment but that motion has been "ignored." Id. Plaintiff avers that he appealed this matter to the Rhode Island Supreme Court but that tribunal denied him relief. Id. Plaintiff thereafter filed the instant Section 1983 Complaint in this venue, seeking an Order from this Court directing the Rhode Island Family Court to "complete [his] divorce proceedings." Id.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; See also 28 U.S.C. § 1915(e)(2). Pursuant to this directive, this Court finds that the instant Complaint fails to state a claim upon which relief can be granted since this Court lacks jurisdiction to consider the claims asserted therein.

The Rooker-Feldman doctrine prevents federal courts from second-guessing state court decisions. Under this doctrine, federal courts lack jurisdiction to review cases litigated and decided in the state court as only the United States Supreme Court has jurisdiction to correct state court judgements. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). Here, Silva's federal case is essentially an impermissible appeal of a state court judgment since it raises a grievance regarding a decision of the Rhode Island Family Court (not to entertain his motion for relief from judgment) and the Rhode Island Supreme Court (rejection of his appeal). Thus, this Court has no jurisdiction to entertain the claims asserted in Silva's Complaint.

For the reasons set forth above, I recommend that plaintiff's Complaint be dismissed. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
September 20, 2005